UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.  CRIMINAL NO: 3:03CR00140(CFD)

MARTEL ARRINGTON

ORDER MODIFYING TERM OF SUPERVISED RELEASE

On December 16, 2004, the above-named defendant, after a plea of guilty to a violation of 18 U.S.C. § 922(g)(1) and 924(e), Possession of a Firearm by a Convicted Felon, was sentenced to 63 months' incarceration, to be followed by 3 years' supervised release, as ordered by the Honorable Christopher F. Droney, United States District Judge, sitting in the Court at Hartford, Connecticut. On this date, in addition to the mandatory and standard conditions of supervised release, the Court imposed special conditions requiring the defendant to participate in substance abuse treatment, obtain and maintain employment, or participate in vocational or educational training and, prohibiting the defendant from possessing a firearm or other dangerous weapons. Also, on January 28, 2008, at the request of the Probation Office, the Court modified the defendant's special conditions to include mental health treatment.

The supervised releasee was presented before this Court on February 1, 2008, to answer the charge that he violated the conditions of his supervised release as cited in a Petition on Probation and Supervised Release dated January 14, 2008.

The supervised releasee was represented by Assistant Federal Defender Sarah A.L. Merriam, and given the opportunity to be heard;

WHEREAS, the Court found that the supervised releasee had in fact violated one of the three charges as cited within the Petition on Probation and Supervised Release; specifically, that the defendant tested positive for Phencyclidine (PCP) on three separate occasions, December 10, 2007 and January 4 and 7, 2008; and that the defendant appeared before the Court for a final violation hearing on March 28, 2008.

NOW, THEREFORE, IT IS HEREBY ORDERED that the defendant's term of supervised release to be continued, with the same mandatory, standard and special conditions remaining in full-effect. However, Court imposed a sanction of 30 days home confinement (curfew) via electronic monitoring with the Probation Office assessing the defendant's ability to pay, or contribute to the costs of such monitoring.

Signed and dated at Hartford, Connecticut this 2nd _____ of April 2008.

_/S/_____
The Honorable Christopher F. Droney
United States District Judge